UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

JULIE GINTER,                                  Case No. 6:10-bk-08030-ABB
                                               Chapter 7
    Debtor.
_____/

KENNETH C. ROBINSON,

    Plaintiff,                              Adv. Pro. No. 6:11-ap-00042-ABB

v.

JULIE GINTER,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Complaint (Doc. No. 1) filed by the Plaintiff Kenneth C. Robinson against the Debtor/Defendant Julie Ginter. Debtor did not answer the Complaint. At issue is whether a debt created by State Court judgment against the Debtor is nondischargeable pursuant to 11 U.S.C. Section 523(a)(5) and (15).

A hearing was held on April 13, 2011 at which the Plaintiff and Defendant's counsel appeared. The parties announced their intention to settle this matter. The Court ordered Plaintiff to file a statement of what he is owed by Defendant within fourteen (14) days of the hearing. The Court advised the parties if no settlement of this adversary was reached within sixteen (16) days after Plaintiff's statement was filed, the Court would enter a nondischargeable judgment for Plaintiff.

Plaintiff filed a Statement of Monies Owed (Doc. No. 9) on April 27, 2011, in compliance with the Court's order. The parties have not filed a notice of settlement with the Court. Judgment is due to be entered in favor of Plaintiff for the reasons set forth herein.

### *The Debt*

A Georgia State Court entered a Final Judgment and Decree of Divorce dissolving the parties' marriage in 2007. The parties continued to litigate the issue of attorney's fees which resulted in the entry of the Order on Attorney's Fees on September 28, 2007. The Order on Attorney's Fees states:

> Plaintiff [Julie Ginter] shall pay Defendant's counsel the sum of $6012.50 to cover the fees Defendant [Kenneth Robinson] incurred for his attorney Rachel A. Snider, Esq., . . . to prepare for and represent him at the actual trial of this case. Plaintiff shall pay said amount at the rate of $250.00 per month beginning with October 2007. Said payment shall be due on or before the 15th day of each month and shall continue to be made until said amount in [sic] paid in full.

Ginter did not pay Rachel Snider. Robinson did. Snider assigned her claim against Ginter to Robinson on April 6, 2010.

The Debtor filed a Chapter 13 case on May 11, 2010 and voluntarily converted to a Chapter 7 case on December 6, 2010. Plaintiff filed a Complaint asserting the attorney's fees debt is nondischargeable pursuant to 11 U.S.C. Section 523(a)(5) or Section 523(a)(15) as a domestic support obligation or a debt incurred by the Debtor in the course of their divorce or in connection with their divorce decree. Debtor does not dispute Plaintiff's position.

2

*Analysis*

Plaintiff's Complaint is based upon 11 U.S.C. Sections 523(a)(5) and 523(a)(15). Section 523(a)(5) provides any debt constituting a "domestic support obligation" is not dischargeable. Section 101(14A) defines "domestic support obligation as a debt that is owed to or recoverable by a spouse that is "in the nature of alimony, maintenance, or support . . . of such spouse" and established by "a separation agreement, divorce decree, or property settlement agreement . . . ." 11 U.S.C. § 101(14A).

Section 101(14A)(B) sets forth a debt may be in the nature of alimony, maintenance, or support "without regard to whether such debt is expressly so designated." Section 523(a)(5) "requires nothing more than 'a simple inquiry as to whether the obligation can legitimately be characterized as support.'" Strickland v. Strickland (In re Strickland), 90 F.3d 444, 447 (11th Cir. 1996) *(citation omitted)*.

The Order on Attorney's Fees and the assignment from Snider to Robinson document a debt in the nature of attorney's fees and costs incurred in the parties' divorce proceeding. Courts in the Eleventh Circuit have uniformly held an award of attorney's fees in a divorce proceeding constitutes a support obligation, a nondischargeable debt within the meaning of 11 U.S.C. Section 523(a)(5). In re Foster, 292 B.R. 221, 222-23 (Bankr. M.D. Fla. 2003) (citing cases).

Section 523(a)(15), as enacted by BAPCPA, provides a discharge does not discharge an individual debtor from any debt:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph [523(a)(5)] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

3

11 U.S.C. § 523(a)(15). BAPCPA removed the balancing test from Section 523(a)(15) and made the distinction between domestic support obligations and other obligations arising from a divorce immaterial in a dischargeability analysis. 4 COLLIER ON BANKRUPTCY, ¶523.23, at 523-124 (16th ed. 2009).

The indebtedness owed by the Debtor to Plaintiff as a result of the Order on Attorney's Fees and the assignment from Snider to Ginter is nondischargeable pursuant to 11 U.S.C. Sections 523(a)(5) and (15). A judgment of nondischargeability is due to be entered in favor of Plaintiff and against the Debtor pursuant to 11 U.S.C. Section 523(a)(5) and (15).

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the indebtedness owed by the Debtor to Plaintiff pursuant to the Order on Attorney's Fees and the assignment from Snider to Robinson is nondischargeable pursuant to 11 U.S.C. Section 523(a)(5) and (15).

A separate Judgment consistent with these findings and conclusions shall be entered contemporaneously.

Dated this 28th day of June, 2011.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge